**FILED**

AUG 26 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Derian Douglas Hickman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **09 1616** |
| | ) | |
| Federal Elections Commission, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed in forma pauperis ("IFP"). With the caveat stated below, the Court will grant the application to proceed in forma pauperis and dismiss the complaint.

The plaintiff's IFP application avers, and appended documents confirm, that the plaintiff receives income from the Social Security Administration under its Supplemental Security Income and Social Security Disability Income programs. In addition, the plaintiff avers that he is "awaiting property return including money," and indicates that he is a "never married billionaire." *See* IPF Application at 2. The application also refers to a dependent child or children, with a trust in the amount of "about 10 million per child" and "100 million dollar family trust," and "other trusts." *Id.* If the IFP application is credited at face value, then IFP should be denied, as the plaintiff is not impoverished. Thus, the IFP application may be granted only if the averments of fantastic wealth are treated as sheer fantasy or delusion. In light of the plaintiff's Social Security income, which is independently evidenced by what appear to be authentic documents originating from the Social Security Administration, the court concludes

that the averments of the plaintiff's wealth are the result of fantasy or delusion. On this basis, the court will grant the IFP application.

In its entirety, the complaint states as follows:

> Request election information my political party disclosure information and previous court case information Derian Douglas Hickman vs. FEC. Also asking for award and compensation for discrimination, and not including my election and pay on my social security records. and other areas. This cause my company's and me to lose money. Reference previous cases, attached filings and employment history's. Asking for trial by jury. 1 dollar for every vote received or 100 million dollars.

Complaint at 1.[1] Here, in light of the IFP application and supporting documents, the complaint appears to be the product of fantasy or delusion, and subject to dismissal on that ground as frivolous. 28 U.S.C. § 19159(e)(2)(B)(*i*); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (authorizing a court to immediately dismiss fantastic or delusional scenarios).

Even if the complaint were not dismissed as frivolous, it would be subject to dismissal because it does not conform to the minimum requirements for a complaint as set out in Rule 8(a) of the Federal Rules of Civil Procedure and does not state a claim against this defendant upon which relief may be granted and therefore would have to be dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. The minimum requirements Rule 8 imposes are designed, among other things, to provide defendants with sufficient notice of the claim or claims being asserted in order to allow defendants to prepare a

---

[1] Despite the representation in the complaint about an earlier case, the Clerk of Court has no record of a prior case filed by this plaintiff against this defendant.

responsive answer and an adequate defense. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977). As drafted, the complaint does not state what the defendant allegedly did that harmed the plaintiff and, therefore, does not state a claim against the defendant upon which relief may be granted. Therefore, this case is also subject to dismissal by the court on its own authority under 28 U.S.C. § 19159(e)(2)(B)(*ii*).

Accordingly, the complaint will be dismissed. A separate order accompanies this memorandum opinion.

Date: August 10, 2009

/s/
United States District Judge